UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of the Search Regarding: | No. __4:21-mj-179_____ |
| 21-204-04 | **REDACTED APPLICATION FOR SEARCH AND SEIZURE WARRANT** |

I, Zachary Gauer being duly sworn depose and say:

I am a Special Agent with the United States Department of Justice, Drug Enforcement Administration (DEA) and have reason to believe that on the property or premises as fully described in Attachment A, attached hereto and incorporated herein by reference, there is now concealed certain property, namely: that which is fully described in Attachment B, attached hereto and incorporated herein by reference, which I believe is property constituting evidence of the commission of criminal offenses, contraband, the fruits of crime, or things otherwise criminally possessed, or property designed or intended for use or which is or has been used as the means of committing criminal offenses, concerning violations of ████████████████████████████████ ██████████████.

The facts to support a finding of Probable Cause are contained in my Affidavit filed herewith.

_____
Zachary Gauer, Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me, telephonically, on the 18ᵗʰ day of October, 2021, at Sioux Falls, South Dakota.

_____
VERONICA L. DUFFY
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

In the Matter of the Search Regarding:     No. _____4:21-mj-179_____

21-204-04                                              **REDACTED SEARCH
                                                            AND SEIZURE WARRANT**

---

TO:    ANY AUTHORIZED LAW ENFORCEMENT OFFICER

An application by a federal law enforcement officer or an attorney for the government requests the search of the following property more fully described in Attachment A, attached hereto and incorporated herein by reference.

I find that the affidavit, or any recorded testimony, establish probable cause to search and seize the property described above, and that such search will reveal evidence of violations of ████████████████████████████ ███████████████████████████), which is more fully described in Attachment B, attached hereto and incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before Nov. 1, 2021 _____ (not to exceed 14 days)
☐ in the daytime – 6:00 a.m. to 10:00 p.m.
☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the undersigned Judge.

10-18-2021 at 6:03 pm CDT at Sioux Falls, South Dakota
Date and Time Issued Telephonically

_____
VERONICA L. DUFFY
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search of:        No. _____ 4:21-mj-179 _____

21-204-04                              **REDACTED RETURN**

Date and time warrant executed: _____

Copy of warrant and inventory left with: _____

Inventory made in the presence of: _____

Inventory of the property taken and name of any person(s) seized (attach additional sheets, if necessary):

| CERTIFICATION |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>_____<br>Zachary Gauer, Special Agent<br>Drug Enforcement Administration |

[2]

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

_____

In the Matter of the Search Regarding      No. ___4:21-mj-179_____

21-204-04                                   **REDACTED ATTACHMENT A**

_____

### Property to be Searched

1. The cellular telephone assigned call number ███████████ ("**Target Cell Phone**") that is stored at premises controlled by Cellco Partnership, dba Verizon Wireless, Inc., a wireless telephone service provider, headquartered at 180 Washington Valley Road, Bedminster, NJ 07921

2. Records and information about the location of the Target Telephone that is within the possession, custody, or control of Verizon Wireless, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

_____

In the Matter of the Search Regarding    No. ____4:21-mj-179_____

21-204-04                                **REDACTED ATTACHMENT B**

_____

### Particular Things to be Seized

### I.    Information to be Disclosed by the Provider

All information about the location of the cellular telephone assigned call number ███████████ (the "**TARGET CELL PHONE**") for the time period starting the date of issuance of the search warrant, until 30 days from the date of issuance of the search warrant, during all times of day and night. "Information about the location of the Target Telephone" includes all available E-911 Phase II data, PLU/GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., 120-degree face of the towers) received a radio signal from the Target Telephone, including utilization of the periodic location update.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Verizon Wireless, Verizon Wireless is required to disclose the Location Information to the government. In addition, Verizon Wireless must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Verizon Wireless's services, including by initiating a signal to determine the location of the Target Telephone on Verizon Wireless's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Verizon Wireless for reasonable expenses incurred in furnishing such facilities or assistance.

To the extent that the Location Information includes tangible property, wire or electronic communications (as defined in 18 U.S.C. § 2510), or stored wire or electronic information, there is reasonable necessity for the seizure. *See* 18 U.S.C. § 3103a(b)(2).

## II.     Information to be Seized by the Government

All information described above in Section I that discloses the location of the Target Telephone and/or constitutes evidence of violations of ████████ ████████████ involving ██████████ or other unidentified subject(s).

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

_____

In the Matter of the Search Regarding          No. __4:21-mj-179_____

21-204-04                                      **REDACTED AFFIDAVIT IN
                                               SUPPORT OF AN APPLICATION
                                               FOR A SEARCH WARRANT**

_____

I, Special Agent Zachary Gauer, being first duly sworn, hereby depose and
state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.     I make this affidavit in support of an application for a search warrant
under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for
information about the location of the cellular telephone, ████████, fully
described in Attachment A, attached hereto and incorporated herein by reference
(the "**TARGET CELL PHONE**"), whose service provider is Verizon Wireless, a
wireless telephone service provider, headquartered at 180 Washington Valley Rd,
Bedminster, NJ 07921.  The location information to be seized is described herein
and in Attachment B, attached hereto and incorporated herein by reference.

2.     Your Affiant is an investigative law enforcement officer within the
meaning of Title 18, United States Code, Section 2510 (7), and is authorized by
law to conduct investigations and make arrests for offenses enumerated in Title
18, United States Code, Section 2516. Your Affiant is a Special Agent with the
Drug Enforcement Administration (DEA), the U.S. Department of Justice and
has been so employed since September 2014. I am currently assigned to the DEA
Sioux Falls Resident Office (SFRO) in Sioux Falls, SD, and charged with
investigating ████████████████████████████████████████
████████  f the United States Code. I have received 20 weeks of specialized
training in Quantico, Virginia, pertaining to the methods of distribution of all
types of narcotics, undercover operations, electronic and physical surveillance
procedures, execution of search warrants, and money laundering activities
utilized by narcotics traffickers.  Through my employment as a Special Agent
with DEA, I have been involved with criminal investigations involving multiple
co-conspirators distributing various weights of narcotics by various methods,
money laundering activities, and the use of communication devices by co-
conspirators to further their drug trafficking operations.

[1]

3.     I have participated in investigations involving the interception of electronic communications and the use of video surveillance.  I am familiar with the manner in which narcotics traffickers and money launderers conduct their business, including, but not limited to, their methods of importing and distributing controlled substances, their use of cellular telephones, pay phones, prepaid calling cards and digital display paging devices, and their use of numerical codes and coded and/or cryptic language, words, and references to conduct their transactions.

4.     As part of my duties as a DEA Special Agent, I have been involved in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances. Further, I have participated in numerous narcotics investigations in which I have conducted or participated in physical surveillance, electronic surveillance, controlled buy/transactions and the execution of search warrants.

5.     Based on my training, experience, and participation in investigations of state and federal narcotics violations, I am familiar with drug organizations and know that such organizations will commonly compartmentalize members in an effort to limit individual knowledge of the operations of the organization to as few persons as possible. To minimize their risk of apprehension, leaders of drug organizations commonly attempt to distance themselves from drugs and proceeds, leaving subordinates to drive vehicles and move drugs and drug proceeds from place to place. Through these investigations, my experience and training, and conversations with other law enforcement personnel, I have become familiar with the methods used by drug traffickers to smuggle and safeguard drugs, to distribute drugs, and to collect and launder drug-related funds.  I am particularly familiar with methods employed by larger drug organizations and the sophisticated tactics utilized. These tactics include the use of cellular telephone technology, text messaging, counter-surveillance, elaborately planned smuggling schemes tied to legitimate businesses, false or fictitious identities, and coded communications and conversations.  This knowledge has been particularly useful and relevant to this investigation.

6.     Further, based on my training and experience in investigating drug trafficking offenses, I have interviewed numerous criminals regarding the transportation and sales of drugs.  During many of these investigations, the criminals have admitted to their modus operandi and their utilization of telephones.  Based on my experience in conducting these investigations, I have developed skills in this area and can determine when telephonic information devices are essential to a successful investigation.

7.     I know, from training and experience in the field of drug enforcement that individuals involved in crimes of possession for sale, sales, and

[2]

transportation of controlled substances (including crystal methamphetamine, heroin, fentanyl, and cocaine), often utilize cellular telephones and text messaging to arrange their crimes or coordinate with co-conspirators. Numerous times, drug dealers place these telephones in the names of family, friends, or fictitious names, and/or purchase unsubscribed prepaid cellular telephones to avoid detection. Another technique often used by drug traffickers to avoid detection is the use of coded conversations and vague terminology to discuss drug transactions. For example, rather than use the words "drugs," "narcotics," "cocaine," or "methamphetamine," drug dealers will use a variety of different code words. Similarly, drug traffickers will often use vague terms in order to avoid talking about specific locations, currency, and drug amounts.

8.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

9.      Based on the facts set forth in this affidavit, I believe there is probable cause to believe that violations of ███████████████████████████ ████████████████████████████████████████ There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

## PROBABLE CAUSE



[3]



[4]



## AUTHORIZATION REQUEST

19.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

20.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed.  There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution.  See 18 U.S.C. § 3103a(b)(1).  The proposed search warrant does not authorize the seizure of any tangible property.  *See* 18 U.S.C. § 3103a(b)(2).

21.     I further request that the Court direct the Service Provider to disclose to the government any information described in Attachment A that is within its possession, custody, or control.  I also request that the Court direct the Service Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment A unobtrusively and with a minimum of interference with its services, including by initiating a signal to determine the location of the Target Cell Phone on its network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government will compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

[5]

22.    I further request that the information described in Attachment A be provided for the time period starting the date of issuance of the search warrant, until 30 days from the date of issuance of the search warrant.

23.    I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **TARGET CELL PHONE** outside of daytime hours.

_____
Special Agent Zachary Gauer
Drug Enforcement Administration

Subscribed and sworn to me, telephonically, on the ___18___ day of October, 2021, in Sioux Falls, South Dakota.

_____
VERONICA L. DUFFY
United States Magistrate Judge

[6]